## Case No. 554.

### ARNOLD et al. v. BUFFUM.

[2 Mason, 208.] [1]

Circuit Court, D. Rhode Island.    Nov. Term, 1820.

ESTATES—VESTED AND CONTINGENT REMAINDERS.

A devise to the testator's wife, until his son P. should attain the age of 21 years, and after P. should attain that age, that he should enter into possession, &c. &c. to him, his heirs and assigns, forever. But if the said P. should die before he attained the age of 21, or without

[1] [Reported by William P. Mason, Esq.]

lawful issue. then the premises to descend to the testator's heir male in fee simple. P. attained 21 years of age, but died without ever having had lawful issue. Held that P. took an immediate vested estate in fee simple, liable to be defeated by his death before 21, but having attained that age, it became an indefeasible estate.

[At law. Action of ejectment by Ahaz Arnold and another against Thomas Buffum.] The cause turned altogether upon the consideration of a clause in the will of Thomas Arnold, and was argued on the following statement of facts, agreed upon by the parties: "At the time of the making of Thomas Arnold's will, and also at the time of the testator's death, Peleg Arnold was under the age of twenty-one years, being the testator's youngest son. John Arnold was the second son of the testator, and was then over twenty-one years of age; and Thomas Arnold was the testator's eldest son. These three sons were by different wives. Peleg Arnold lived to be upwards of sixty years of age, and died in February, 1820. without ever having had lawful issue. The estate now in question. is that which was devised to Peleg. The plaintiffs claim under Thomas, and the defendant under Peleg.    The said Thomas Arnold, the testator, made in his said will, the following bequests to his wife, and the said Peleg. 'I give and bequeath unto my beloved wife, Patience Arnold, the use and income of my homestead farm, whereon I now dwell, situate in said Smithfield, for the support and education of my young children, and in lieu of her right of dower. until my son. Peleg Arnold, attain the age of twenty one years.' After describing the land. he goes on to say, 'And after my said son Peleg. attain the age of twenty one years. my will is, that my said wife have the profits of the one half of the aforesaid land and real estate, with the appurtenances, during her natural life, provided she remain my widow, for the use and benefit of educating my children, and in lieu of her dower as aforesaid. And after my said son Peleg, attains the age of twenty-one, my will is, that he enter into possession of one moiety thereof. And at the death or marriage, if that should happen, of my said wife, my said son Peleg enter into the possession of the other half of the aforesaid lands and premises, with all the appurtenances thereunto belonging. And I do hereby devise and dispose of the whole of the reversion of all the aforesaid lands and real estate, unto my said son Peleg Arnold, together with one other tract of land, &c., (describing it) to be and remain to him, my said son, his heirs and assigns, forever. But if my said son Peleg, should die before he attain the age of twenty-one, or without lawful issue, then the aforesaid devised premises, with all the appurtenances, to descend to my male heir in fee simple.'

The testator left several daughters as well as the said three sons, for all of whom he

provided in said will, and made his eldest son Thomas, (who was by the then laws of Rhode-Island, his heir at law) his residuary devisee of all his real estate undisposed of by his will."

Tristram Burgess, for plaintiffs.

The devise in question, is to Peleg Arnold. It is of the homestead farm, and also of sixty acres at Woonsocket Hole, on the south-east end of Black Plain. The homestead is devised to Patience, the mother of Peleg, one moiety in freehold, the other for years to wit, during his minority. In none of the farm could Peleg have any interest, until the age of twenty-one, his interest in the one moiety being a contingent remainder supported by a freehold, and in the other, arising from an executory devise, to take effect on the determination of his minority. By the very form of the devise, therefore, it is evident that Peleg could in no event take any thing under it, in the homestead farm, according to the intention of the testator, unless he should live to the age of twenty-one years. When therefore, he uses the words, "But if my son Peleg should die before he attain the age of twenty-one," he does not use them to create a contingency in the estate of Peleg, for that contingency had already been created by giving the estate to Peleg's mother, until he should attain the age of twenty-one, and not giving it to him until he should have attained to that age. For giving Peleg the homestead farm, when he should arrive to the age of twenty-one, is giving it to him if he attain to that age, and is as much a contingent devise, as if the testator had said, I give my said son said estate, provided he attain to the age of twenty-one years. The words of the testator, therefore, "but if my son Peleg" &c. have no effect on Peleg's estate by the devise, and could not have been used for the purpose of having any, since if those words had been left out of the will, and Peleg had died before twenty-one, he could not have had the estate, for it was not given him until he arrived to that age; and was all actually given to his mother until that event should happen. But for another reason, the words, "but if" &c. could have no effect on Peleg's estate, for they create a contingency, which, if it happen, will divest an estate already vested, and so was the determination in the case of Barker v. Suretees, 2 Strange, 1175. So also in all the cases from Price v. Hunt, Poll. 645, down to Fairfield v. Morgan, 5 Bos. & P. 38. But by the devise to Peleg, he could not take the estate in question, until he attained the age of twenty-one, his arriving to that age, being a condition precedent to the vesting of the estate in him. The words, "but if," &c. therefore, could not create a contingency by the happening of which an estate should be divested, which could not possibly vest, until it ceased to be possible that this contingency should happen. For Peleg's estate could not vest until he arrived at the age of twenty-one, and the possibility of his dying before twenty-one, must be passed the moment he arrived to the vesting of his estate.

Now if the words, "but if," &c. have no effect on the estate of Peleg, then they cannot be considered as used with reference to it; and in considering the exact nature of it, these words may be expunged, and the will read thus, "If my son Peleg die without lawful issue, then," &c. The whole devise will then read thus, "And I do hereby give, devise, and dispose of the whole of the reversion (meaning one moiety of the estate aforesaid, when he should attain the age of twenty-one, and the other moiety at the death or marriage of his mother) of all the aforesaid lands and real estate, unto my son Peleg Arnold, together with one tract of land containing sixty acres, &c. to be, and remain unto my said son, his heirs and assigns, forever. But if my said son Peleg, should die without lawful issue, then the aforesaid devised premises, with all the appurtenances, to descend to my male heir in fee simple." According to this reading, Patience takes in the homestead farm, a freehold in a moiety thereof, and an estate for years in the other moiety, both conditional (if she remain the widow of the testator); she takes nothing in the sixty acre lot. Peleg takes after the interest of Patience in the home farm, and after twenty-one in that and the sixty acre lot, an estate subject to the condition of his arriving at the age of twenty-one. Thomas takes all the remainder, whatever it may be, in fee simple, not indeed by this clause in the will only, but by the residuary devise in the 5th clause of the will. Concerning the estate of Thomas, we need not inquire, for it is agreed that the defendant cannot hold, and that the plaintiffs must recover, unless Peleg took a fee simple in the premises. I think it has been demonstrated, that the condition annexed to the estate of Peleg, is contained in the very form of the devise, and is a condition precedent; and that the words, "but if," &c. have no effect at all on his estate. They were used by the testator solely with reference to the estate of Thomas in the premises, and for the purpose of determining on what event (to wit, the dying of Peleg before the age of twenty-one) the estate of Thomas should commence, or become unconditional, for it could not come into his possession until the estate of Patience determined. The estate of Peleg then being given to him and his heirs, when he should arrive at the age of twenty-one, must be a conditional fee, and whether a fee simple or a fee tail, must depend on the meaning of the word "heirs" in the devise.

If Peleg took a fee simple, there is an end of the plaintiff's case, if he took a fee tail, there is an end of the defendant's. What

kind of estate then did he take? Had the testator stopt at the words "twenty-one years," and not added, "or without lawful issue," Peleg would doubtless have taken a fee simple. In using the words "or without lawful issue," the testator must have either meant, first, to convey another condition to the estate of Peleg; secondly, to limit the word "heirs," to heirs of his body; or thirdly, to create a contingency, on the happening of which (to wit, the dying of Peleg without issue) Thomas should take the estate. But if the testator had either of these intentions in using the words, "or without lawful issue," then is the case surely with the plaintiffs. For if he meant that the continuance of the estate of Peleg should depend on his having issue, in the same manner that the commencement of it should depend, on his attaining the age of twenty-one years, then forasmuch as he died without issue, the contingency or condition on which his estate was to determine, has happened, and so the defendant can take nothing by the deed of Peleg, and the estate passed to Thomas, by force of the devise. From him the plaintiffs derive their title. But if the testator meant by the words, "or without lawful issue," to limit the word heirs, to heirs of his body, then Peleg took a fee tail, but he did not convey as tenant in tail to the defendant, and so the defendant takes nothing by his deed. But because the estate tail created by the devise, determined by the death of Peleg without issue, the remainder being the fee simple, vested in Thomas, or his heirs, by force of the residuary clause of the will, and it passed to the plaintiffs from Thomas. But if the testator meant by the words, "or without lawful issue," to annex a contingency to the estate of Thomas, on the happening of which the fee simple should vest in him, then that contingency, viz. "the dying of Peleg without lawful issue," having happened, the estate has vested in Thomas, and through him in the plaintiffs: But it seems clear, that the testator had in view all these three meanings, when he used the words, "or without lawful issue." 1st. He meant the estate should not determine by the death of Peleg before he arrived at the age of twenty one, if he died leaving issue. 2d. He meant to limit the word heirs, to heirs of Peleg's body, and formed this condition in favour of Peleg's children, and not of his other brothers and sisters, or his heirs generally. 3d. He meant the estate of Thomas should not commence, unless Peleg died without issue, or upon the determination of Peleg's estate tail, upon failure of his issue. According to this construction, the devise is to Peleg, if he attain the age of twenty-one, and to his issue if he have any issue, at his demise, whether before or after he attain twenty-one. It cannot be supposed, that the testator, who would not give the estate to Peleg, unless he attained the age of twenty-one, would give it to his collateral heirs, whether he attained that age or not. But it is very reasonable to suppose, that he would give it to the children of Peleg, although he might die in his minority. The words, "or without lawful issue," are words of limitation, and confine the meaning of the word heirs, to heirs of the body of Peleg. This gives Peleg an estate tail, and so the case is with the plaintiffs. This construction is the only one consistent with all the authorities.

The first case in point. is Soulle v. Gerrard, Cro. Eliz. 525. In that case, Richard Baker being seized devised to his son Richard, and to his heirs forever; and if Richard died within the age of twenty-one years, or without issue, then the land should be equally divided amongst his three other sons. Richard, the devisee, had issue, Mary, and died within age. In this case it was adjudged, not that or was and, but that the words, "if he die within the age of twenty-one years," were void, and that the words, "or without issue," limited the meaning of the word "heirs," confining it to heirs of the body, and gave Richard an estate tail. Judge Anderson adjudged the words, "if he die within the age of twenty-one years," to be void in this case, and I think I have demonstrated that in the case in question, the words, "but if my son Peleg die before he attain the age of twenty-one," have no reference to the estate of Peleg. It is therefore clear, that the plaintiff's case comes completely within the principles of Soulle v. Gerrard, and that Peleg took an estate tail, with remainder over to Thomas in fee, on failure of issue of Peleg. The case of Dutton v. Engram, Cro. Jac. 427. is a similar case, and decided in the same way. Chadock v. Cowley, Id. 695, is almost in the same words, and governed by the same principles. Doe v. Rivers, 7 Term R. 276, is on the devise of W. Fifield, to his daughter Mary, on her attaining the age of twenty-one, and to her heirs forever; and in case said Mary "should die without issue," then, &c. Mary married and had issue, and the question was, what estate she took by the will of her father. It was adjudged, that she took a fee tail. In what does this case differ from the case in question? Peleg's estate was given to him when he should attain the age of twenty-one. They are both given to them and their heirs forever, and they are both to go over to the right heirs of the devisor, if the devisees die without lawful issue. If Mary took an estate tail, why does not Peleg take an estate tail? Indeed it is a principle of law, from which there has been no adjudged departure, that "although a devise to a man and his heirs, gives him an estate in fee simple; yet, if the word heirs, is qualified by any subsequent words, shewing the intention of the testator to restrain them to the heirs of the body of the devisee, the devise will in that case create only an estate tail."

In Fearne on Ex Devises, (page 180,) the rule is said to be the same, where the remainder is limited to the heirs of the testator himself, if such heirs must also be heirs to the first devisee. This is also true in the case in question. Thomas was heir to Peleg, and to the testator likewise. A number of decided cases illustrate and confirm this principle; and no case can be found, where an estate is devised to one and his heirs forever, with proviso, that if he die without issue or heirs, then a devise over to the heirs of devisor or devisee, in which, where that question has been made, it has not been decided that the first devisee took an estate tail. The case of Walsh v. Peterson, 3 Atk. 193, though it seems to be such a case. does not raise the question, whether the estate then devised was a fee simple or fee tail. The discussions on the technical meaning of the word ôr, in wills and deeds, are all in plaintiffs' favour. These discussions are, that or should be read and in certain cases. These are when the manifest intention of the party using the word, requires such reading. This intention is presumed in favour of the issue of the devisee. In the cases where the issue of the devisee would be disinherited by a contrary reading or, has been read and, but in no other cases. The reason constantly given for reading or, as if it were and, is, that otherwise the issue of the devisee might be disinherited. But if all such cases were decided to be tenancies in tail, as the leading case of Soulle v. Gerrard, [Lowell v. Garrett,] Moore, 422, has been, the issue could not be disinherited. Lord Hardwicke in Woodward v. Glasbrook, 2 Vern. 388, reads or as or, doubtless because the case was in form, and not by implication, a fee tail. The case of Glaswarke v. Claggett, [Goshawke v. Chiggel,] Cro. Car. 154, retains the grammatical meaning of or, because the interest of the issue did not require a different meaning. The case of Fairfield v. Morgan, 5 Bos. & P. 38, which Judge Kent declares, has "closed the controversy forever," was a question about leasehold estates, concerning which there could be no question of inheritance, either fee simple or fee tail. It appears clearly the intention of the testator to give the remainder to Thomas. after failure of the issue of Peleg, and the determination of the estate tail carved out for the benefit of him and his children. This is most agreeable to the principles of law. It is an essential rule of law to exclude executory devisees when the estate can pass as a remainder. [Hawley v. Inhabitants of Northampton,] 8 Mass. 38. In the case of Soulle v. Gerrard, Lord Chief Justice Anderson decided that the devising a fee upon a fee, by way of executory devise, was a vain will, and the words, "if said Richard die before twenty-one years of age," utterly void, so that the limitation over was a remainder in fee simple after the determination of Richard's estate in fee tail. The intention of the testator must govern in the construction of wills, and nothing can be more clear, than that Thomas, the testator, did not intend to give a fee simple to any of his children or devisees, except to Thomas his eldest son and heir at law. It is true in the devise to John, he uses words peculiar to the creation of a fee tail, so does he in his devise to Asa. From this it may be inferred, that he knew what words created a fee tail. He knew also what words would create a fee simple; and had he intended such an estate for Peleg, why did he use words, which have so often been adjudged to limit the word heirs, and create a fee tail? Lord Hardwicke says, there is no magic in words, and if he conveys his meaning, the testator has a right to use such words as he may choose. He may use the same words for different purposes, and different words for the same purpose. It may not be strictly logical to do so; but by the laws of the land, a man does not lose the right to dispose of his estate according to his choice, because he is a bad logician. The case of Brownsword v. Edwards, 2 Ves. Sr. 243, is strong on this point, and did I not consider the case conclusively with the plaintiffs under the other views of it, I would go into a consideration of that case.

Searle, for the tenant, argued the case shortly, on the ground that the case was completely settled by authority; and cited the following cases.

Price v. Hunt, Poll. 645; Pells v. Brown, Cro. Jac. 590; Barker v. Suretees, 2 Strange, 1175; Framlingham v. Brand, 3 Atk. 390, 1 Wils. 140; 1 Rolle, Abr. 833; Fairfield v. Morgan, 5 Bos. & P. 38; Denn v. Kemeys, 9 East, 366; Right v. Day, 16 East, 67; Eastman v. Baker, 1 Taunt. 174; 6 Cruise, Dig. 440, 450; Doe v. Webber, 1 Barn. & Ald. 713; Porter v. Bradley, 3 Term R. 143; Roe v. Jefferey, 7 Term R. 589; Holmes v. Holmes, 5 Bin. 252; Jackson v. Blanshan, 6 Johns. 54; Ray v. Enslin, 2 Mass. 554; Lippett v. Hopkins, [Case No. 8,380.]

STORY, Circuit Justice. The question for the consideration of the court is, what estate Peleg took under the will. If he took a fee simple, which became absolute upon his attaining twenty-one years of age, then the tenant is entitled to judgment. If he took a fee tail, or a fee simple determinable upon his dying without issue, notwithstanding his arrival at twenty-one years of age, (and in this latter view the question, whether the executory devise over be not too remote. becomes immaterial because it is a devise to the heir at law) then the demandant is entitled to recover.

The counsel for the demandant contends, 1st. That Peleg took a contingent remainder in the estate devised to him, depending as to one moiety, upon his arrival at age, and as to the other moiety, upon the death or

marriage of the testator's wife. 2d. That Peleg took an estate tail only by the devise. If these grounds fail, there is an end of the controversy.

As to the first point, it seems to me impossible to read the terms of this will, and not come to the conclusion, that upon principles of law, the estate devised to Peleg, was a vested estate in remainder, to take effect in possession upon the regular determination of the preceding estate, as to one moiety upon his attaining 21 years of age, and as to the other moiety upon the death or marriage of the testator's wife. The case differs not at all in principle, from a devise to A. for 21 years, and afterwards to B. or to A. during widowhood, and afterwards to B.; in which cases it is clear, that the estate to B. would be vested in interest and not be contingent. To constitute a vested estate, it is not necessary that it vest in possession; it is sufficient if it vest in interest, that is, that there be a present fixed right of future enjoyment, and there be no condition precedent to its vesting in possession, if the prior estate were immediately determined by its natural limitation. On the other hand, a contingent remainder always supposes, that the remainder is limited to depend on an event or condition which may never happen or be performed, or which may not happen or be performed, till after the determination of the preceding estate. Fearne, Con. Rem. (Butler's Ed.) 3. In the case at bar, there was no such uncertainty as to the event on which the remainder depended; the arrival at age and the death or marriage of the testator's wife, created no condition without which the estate could not vest, but only denoted the time when the remainder was to vest in possession. Fearne, Rem. (Butler's Ed.) 242.

The authorities, too, on this head, are decisive of the question. One of the earliest is Boraston's Case, 3 Coke, 19. There was a devise of land to A. and B. for eight years, and after the said term to remain to the testator's executors till such time as H. should accomplish his full age of twenty-one years; and when the said H. should come to his full age of twenty-one years, then the testator willed that H. should enjoy the lands, to him and his heirs forever. H. died under twenty-one years, and it was contended, that the remainder did not vest in H. because he did not live to attain twenty-one years of age, for that as he was not to have it until twenty-one, it was contingent on that event, it being uncertain, whether he could ever attain that age. But it was held, that the case was nothing in effect but a devise to the executors till H. attained twenty-one years of age, remainder to H. in fee; that the adverbs of time, when, &c. and then, &c. do not make any thing necessary to precede the settling of the remainder, any more than in the common case of a lease for life or years, and after the death of the lessee or the expiration

of the term, the remainder to another, in which cases the remainder vests presently; that when these adverbs refer to a thing, which must of necessity happen, there they make no contingency; and it is certain, that every man must die, and every term end, and that H. would or might accomplish his age of twenty-one years, which are all one in construction of law; and that these adverbs expressed the time when the remainder to H. should take effect in possession, and not when the remainder should vest.

Another case is Manfield v. Dugard, 1 Eq. Cas. Abr. 195, pl. 4, where the devise was to the testator's wife for life, till his son should attain to his age of 21 years, and when his son should attain to this age, then to his son and his heirs; the son lived to the age of thirteen years, and then died; and it was held, by Lord Harcourt, that the remainder vested presently in the son upon the testator's death, and was not to expect till the contingency of his attaining his age of twenty-one years should happen. These, as Lord Chief Justice Willes declared, are two very great authorities, and both of them in point; and upon these authorities, in a case where the devise was to W. U. and A. his wife, to hold to them for so long a time, and until B. C. and D. sons of W. U. and his wife, should come to and attain their several and respective age of twenty-one years, then to the said B. C. and D. and to their heirs and assigns equally to be divided between them as tenants in common, and not as joint tenants, and to take and hold their respective shares of and in the same, as they shall severally arrive at their said ages of twenty-one years, and not before, unless W. U. and his wife should, before that time, depart this life, and that then immediately on the death of the survivor of them, W. U. and his wife, to the said B. C. and D. their heirs and assigns, in manner as aforesaid; the same learned judge, and his brethren of the common pleas held, that the estate devised to B. C. and D. in case they had survived the testator, would immediately have vested in them, and have descended to their heirs, although they had never attained the age of twenty-one years. Doe v. Underdown, Willes, 293. There are many other cases to the same effect. I will mention a few of the later cases. and merely refer in general terms to the others. In Doe v. Lea, 3 Durn. & E. [3 Term R.] 41, where the devise was to trustees and their heirs, until M. L. should attain the age of twenty-four, and unto M. L. when and so soon as he should attain his age of twenty-four years; and M. L. died after twenty-one but before twenty-four, it was solemnly held by the court of king's bench, that M. L. took a vested interest in the estate descendible to his heir at law. In Bromfield v. Crowder, 4 Bos. & P. 313, there was a devise (after two life estates) in remainder, to J. D. Bromfield. if he should live to attain the age of twenty-one years, but in case he should die

before he attained that age, and his brother C. B. should survive him, in that case to C. B. if he attained the age of twenty-one years, &c.; and it was resolved, that J. D. B. took a vested estate determinable upon the contingency of his dying under twenty-one years. Then came the case of Doe v. Moore, 14 East, 601, where there was an immediate devise to J. M. when he attained the age of 21 years, to hold to him and his heirs forever; but in case he should die before he attained the age of 21 years, then to his brother, &c.; and it was adjudged, that J. M. took an immediate vested interest, liable to be divested upon his dying under 21 years of age. A still later case is Doe v. Nowell, 1 Maule & S. 327, where the devise was to J. R. for life, and on his decease to and among his children lawfully begotten, equally at the age of 21 years, and their heirs as tenants in common; but if only one child should live to attain such age, to him or her, and his or her heirs, at his or her age of 21; and in case J. R. should die without lawful issue, or such lawful issue should die before 21, then a devise over; and it was resolved, that the children of J. R. took vested remainders. I forbear to quote other cases, although the books abound with them on the same point. Fearne, Rem. 242, 401, 547; [Pills v. Brown,] Palmer, 132, 1 Eq. Cas. Abr. p. 188, pl. 8; Goodtitle v. Whitby, 1 Burrows, 228; Doe v. Lea, 3 Durn & E. [3 Term R.] 41; Doe v. Cundall, 9 East, 400; Stanley v. Stanley, 16 Ves. 491; Chambers v. Brailsford, 18 Ves. 368; Perrin v. Lyon, 9 East, 170; Edwards v. Symons, 6 Taunt. 213; Goodright v. Parker, 1 Maule & S. 692; Denn v. Satterthwaite, 1 W. Bl. 519; Fairfield v. Morgan, 5 Bos. & P. 38. They present a mass of authority, against which it is difficult to offer any reasoning, which would not go to unsettle the most solid foundations of the law.

We may then pass to the second point made by the demandant. And I am clearly of opinion, as well upon principle as authority, that the estate devised to Peleg, was a fee simple, and not a fee tail. Consider the terms of the will; the devise is to Peleg, after his arrival at age, "to be and remain to him, his heirs and assigns, forever." These are the very terms in which a fee simple is technically expressed. To narrow the fee simple thus expressly given to a fee tail, it ought to be apparent from the context, that such was the testator's intention. Let us see, therefore, if any such intention can fairly be inferred from the subsequent clause. It is in these words. "But if my said son Peleg, should die before he attain the age of 21, or without lawful issue, then the aforesaid devised premises, &c. to descend to my male heir in fee simple." Now, in order to maintain the demandant's case his counsel is driven to contend, that "or," is to be construed in the disjunctive, so that the devise over may take effect upon the happening of

either of the events stated; or that the words, "before he attain the age of 21," are superfluous and inoperative, and are therefore to be struck from the will.

In respect to the first position, the necessary result of the construction contended for, would be, that if Peleg had died under age, leaving lawful issue, the devise over would have taken effect to the exclusion of such issue, against the apparent intention of the testator. It is upon this principle, that in a long line of cases upon analogous devises, it has been decided, that "or," ought to be construed "and." Several of these cases are referred to in Lippett v. Hopkins, [Case No. 8,380,] and I will barely cite as auxiliary, the very recent case of Right v. Day, 16 East, 67, in which the doctrine is acknowledged and confirmed, if indeed, a doctrine can be said to require confirmation, which has been acted upon ever since the decision in Soulle v. Gerrard, [Sowell v. Garret,] in the reign of Queen Elizabeth, Moore, 422, 2 Rolle, 282.

As to the other, which is the favorite position assumed in the argument, it seems equally unsupportable. It is the duty of courts of justice, to give the natural construction to the words of a will, unless some manifest incongruity or repugnancy would arise; and where the words are sensible in the place they occur, and import a condition or contingency, to strike them out, or render them inoperative, would be to create and not to construe a will. Construing, then, the words as we find them in the clause now under consideration, there is no reason to restrain the estate of Peleg, to an estate tail. If that had been the intention of the testator, there is no reason, why he should have inserted the contingency of Peleg's arrival at age, in the devise, since it could have no operation upon the estate devised to him. But if he intended a fee simple, as his previous words import, then the contingency was necessary to be expressed, as otherwise, the estate would rest absolutely in Peleg, although he should die under age, and without issue. The rule of law is indeed very well settled, that a devise to A. and his heirs, and upon an indefinite failure of his issue, a devise over to another person, shall be construed an estate tail only in A.; and the reason of the rule is, that otherwise the remainder over would be void, as the contingency would be too remote. And the like rule prevails, if the devise over be on failure of heirs, to a person who could be an heir of the first devisee, for heirs in the second devise here, must be construed merely as issue, since the first devisee could never die without heirs, while the second devisee or his heirs were in existence. But the like construction would not prevail, if the second devisee were a stranger, for no such repugnancy would exist, and then the natural meaning of the word heirs, would prevail,

although thereby the devise over would be too remote, and consequently be void. See the cases cited in Lippett v. Hopkins, [Case No. 8,380;] Doe v. Bluck, 6 Taunt. 485, 2 Marsh. 170; Lillibridge v. Adie, [Case No. 8,350;] and cases there cited.

The reasoning, on which these rules proceed, does not apply to a case where the devise over is not on an indefinite failure of issue, but on a failure of issue within a limited period. In such a case, the devise over would not be too remote, construing the first devise to be a fee simple. Nor would there be any incongruity in the second devisee's being heir of the first, for the event on which the estate is to go over, is not an indefinite failure of heirs generally, but of issue, within the limited period. There being, then, no obvious inconvenience or incongruity from construing the words of a will of this kind, according to their natural sense, courts of law are not at liberty to abandon that construction. And, accordingly, the rule has become inflexibly incorporated into the law, that in such cases, the first devise shall be construed a fee simple, upon the plain ground of effectuating the intention of the testator, apparent upon the face of the will. Hence, whenever the devise is to A. and his heirs, and if he die under age without issue, then over, the devise to A. is uniformly held to be a fee simple, and upon his arrival at age, it becomes absolute, and descendible to his heirs at law, though he should afterwards die without issue. The cases in the books upon this subject, are so numerous, that the danger is of being overwhelmed in examining them. Pells v. Brown, in the reign of King James the first, is the leading case, and it has never since been shaken. Cro. Jac. 590, and cases cited; Lippett v. Hopkins, [supra,] and cited in this case, [ante, p. 1173.] I will barely cite a few cases, which are directly in point to the case now at bar, leaving a more minute examination to those, who have the ingenuity to doubt, or the courage to compare them. [Price v. Hunt,] Poll. 645; Barker v. Suretees, 2 Strange, 1175; Frammingham v. Brand, 1 Wils. 140, 3 Atk. 390; Collenson v. Wright, 1 Sid. 148; Fairfield v. Morgan, 5 Bos. & P. 38; Denn v. Kemeys, 9 East, 366; Porter v. Bradley, 3 Term R. 143; Roe v. Jeffrey, 7 Term. R. 589; Right v. Day, 16 East, 67; Doe v. Webber, 1 Barn. & Ald. 713; Doe v. Wetton, 2 Bos. & P. 324. The first is reported in 1 Eq. Cas. Abr. p. 188, pl. 8. One devised lands to his wife, till his son came to the age of 21 years, and then that his son should have the lands to him and his heirs, and if he died without issue before his said age, then to his daughter and her heirs; and it was held to be a good executory devise to the daughter, if the contingency happened; and in the mean time, the fee descended to the son as heir; and if he lived

to 21, though he afterwards died without issue, or if he should leave issue, though he died before 21, yet the daughter was not to have the lands, because he was to die without issue, and before 21, to entitle her. In Eastman v. Baker, 1 Taunt. 174, the devise was to J. B. and her heirs forever, but in case the said J. B. should fortune to die, and not attain the full age of 21 years, or having no such issue as aforesaid, then over to her mother. J. B. died before her mother without issue, but having attained 21 years of age; and it was held, that J. B. took an estate in fee simple, which became absolute upon her attaining full age, and that the executory devise over was contingent upon the event of the daughter's dying in the life of the mother, without attaining 21 years of age, and without having issue. In Fairfield v. Morgan, 5 Bos. & P. 38, the devise was in effect to B. the testator's brother in fee, but in case B. should die before he attained the age of 21 years, or without issue living at his death, then to the testator's mother. B. attained 21, but died without issue, and the house of lords, in conformity with the opinion of all the judges, held that B. took a fee simple, which became absolute on his arrival at 21 years of age, and that the mother took nothing upon the death of B. by the executory devise. The very late case of Doe v. Rawding, 2 Barn. & Ald. 441, is to the same effect. There the devise was as to one moiety, to testator's wife for life, and subject to that all his estate to his daughter M. and her heirs forever, but in case his daughter M. should die under the age of 21 years, unmarried and without lawful issue, then and in such case, the entirety of his estate, &c., to his wife in fee. The daughter died under 21, without lawful issue, but was married. And it was held, that the daughter took an estate in fee simple, which became absolute by the event of her marriage; and that the devise over did not take effect. These are decisions in the English courts, sufficient in point of authority and reasoning, to satisfy the most scrupulous juridical mind. But I trust, it will not be deemed unfit to add a few from the American Reports, entitled to very great weight from the learning and dignity and ability of the judges. In Jackson v. Blanshan, 6 Johns. 54, the devise was of all the testator's estate to his six children by name, and to their heirs forever, to be equally divided among them all, share and share alike; but if any of the children should die before they arrived at full age, or without lawful issue, then his share to devolve upon and be equally divided among the rest of the surviving children, and to their heirs and assigns forever. All the testator's children survived him and attained full age. Four of them afterwards died, leaving issue, and a fifth, after arrival at full age, died without having had lawful issue. The learned judges of the

supreme court of New York, held, that "or" was to be construed "and," and that as all the children survived 21, they took an absolute estate in fee simple, and consequently that the devise over never took effect. Holmes v. Holmes, 5 Bin. 252, in the supreme court of Pennsylvania, is to the same purpose. There the devise to the testator's grandson H. to hold to him and his heirs and assigns forever, to be entered upon and taken possession of by him, as soon as he arrived at the age of 21 years, or the day of his marriage, which should first happen; but that if H. should die under age, or without issue, that his estate should descend to his next brother and his heirs; but if he left no brother, then to his sisters and their heirs, share and share alike. H. entered into possession, and died seized, of full age, but unmarried, and without issue; and it was held, that H. took an estate in fee simple, with a good executory devise over in case he died under age, and without issue; but that on attaining his full age of 21, his estate became indefeasible, and on his death descended to his heirs. A similar doctrine was recognized by the supreme court of Massachusetts, in Ray v. Enslin, 2 Mass. 554, Supp., where the devise was to the testator's daughter and her heirs forever, but in case the daughter should happen to die before she come of age, or have lawful heir of her body begotten, then after his wife's decease, to his sister one third, and two thirds to his wife, so to be divided unto them or their heirs forever. The daughter survived the testator, and afterwards married and died, leaving lawful issue. And it was held, that she took a fee simple, defeasible upon a contingency seasonably determinable, and that her estate became indefeasible in the events that happened. I do not know, that any American decisions have ever been made, that bring the principle of these into question. I take them to be settled law, and have not scrupled to follow them on a former occasion, Lippett v. Hopkins, [Case No. 8,380,] and do not now hesitate to adopt them.

One word, as to some of the cases cited by the counsel for the demandant, which have been supposed to intimate a different doctrine. As to Soulle v. Gerrard, Cro. Eliz. 525, it is sufficient to say, that the case was rightly decided, but the doctrine held by the court, (strange enough in several respects) is not law, and is against the current of authority. Dutton v. Engram, Cro. Jac. 427, is good law, but inapplicable, for it turned on the contingency being an indefinite failure of issue, and therefore fell within the rule already stated. Chadock v. Cowley, Cro. Jac. 695, admits of the same answer, for it was held not to be a contingent limitation to the survivor, on either's dying without issue in the life time of the other. Fearne, Rem. (Butler's Ed.) 243. The only

remaining case, is Doe v. Rivers, 7 Term R. 276, where the devise was in effect to the testator's daughter on her attaining 21, and to her heirs, and in case his daughter should die without issue, then he empowered her to dispose of the whole by will, &c. as she should limit and appoint, and for want or such issue, that the same should descend and go to his own right heirs. And it was held, that the daughter took but an estate tail. The case turned altogether upon the intent of the will, and the devise over being upon an indefinite failure of issue. It was deemed so plain, that it was given up by the defendant's counsel, and involved no question as to the estate, being devised over upon the dying of the daughter under age.

Upon the whole, unless I were prepared to overturn a series of the best considered judgments, (which I have not the rashness to attempt) it is most clear, that upon the principles of law, Peleg took an indefeasible estate in fee simple, upon his attaining 21 years of age, and therefore that the judgment in this case ought to be for the tenant. Let it be so entered accordingly.