## JANE HUNT *vs.* JANE M. HUNT.

A testator, whose children were minors at the time of his decease, after making several bequests, and giving the residue of his property to his wife and children, and their heirs forever, equally to be divided among them, made these provisions in the third clause of his will: "If either my wife or any of my children should die before my decease, unmarried, or without lawful issue, I direct that the property described" in the residuary clause "be divided equally among the survivors; and if either child should die leaving lawful issue, such issue shall take, by representation, the portion that would have belonged to said deceased child, had it continued in life: Should either of my children die unmarried, or under age, or without lawful issue, after my decease, then it is my will that the portion of such child be divided equally with his or her mother and the surviving brothers and sisters, and the legal representatives of any deceased brother or sister:" The fifth clause of the will was as follows: "I do authorize my executors, or a majority of them, and those who may administer upon my estate, to superintend and manage the estate of said children, both real and personal, until they shall respectively become of legal and full age, unless, however, said children, or any of them, should elect a guardian or guardians." *Held*, that the word "or," in the third clause of the will, was to be construed "and," in order to effect the intention of the testator, and that his children, on coming of age, were entitled to the full control and disposition of the parts of the estate bequeathed to them, although they were without lawful issue and unmarried.

ASSUMPSIT to recover a legacy bequeathed to the plaintiff by her father. The case was submitted to the court on the following statement:

Jonathan Hunt, late of Brattleborough in the State of Vermont, was an eminent lawyer, and was, for several years immediately preceding his death, extensively engaged in the practice of his profession. He died in May 1832, leaving a widow, (the defendant,) and five children, viz. Jane, (the plaintiff,) William, Jonathan, Richard and Leavitt, who are all now living, and all except the plaintiff are minors. His last will, executed on the 5th of November 1831, was duly proved and allowed by the judge of probate for the county of Windham, in the State of Vermont, on the 14th of July 1832. In this will, the testator, after directing the payment of his debts, &c. bequeathing certain personal property to his wife, and devising to her certain real estate for life, made the following provisions:

" *Third.* To my wife, Jane Maria Hunt, and to my children, Jane Hunt, William Hunt, Jonathan Hunt, Richard

Hunt, and Leavitt Hunt, and to such children as I may hereafter have, I give and bequeath all the remaining part of my real estate and personal property, including all my rights and credits ; to them and their heirs forever, equally to be divided between them. If either my wife or any of my children, now living or hereafter born, should die before my decease, unmarried or without lawful issue, I direct that the property described in this third item be divided equally among the survivors ; and if either child should die, leaving lawful issue, such issue shall take, by representation, the portion that would have belonged to said deceased child, had it continued in life. Should either of my children die unmarried, or under age, or without lawful issue, after my decease, then it is my will that the portion of such child be divided equally with his or her mother, and the surviving brothers and sisters, and the legal representatives of any deceased brother or sister.

" *Fourth.* For the purpose of making some safe provision for my daughter Jane, and for such other daughter as I may hereafter have, I order and direct the executors named in this will, and those who may administer upon my estate, and the guardian or guardians of such daughter, who may be legally appointed, and authorized with good and sufficient bonds to take charge of her estate, to collect or dispose of one half of her property, or as near one half as may be estimated, and to vest the proceeds thereof in the Life and Trust Company of the city of New York, or in some other or several safe companies or institutions, before she shall become eighteen years of age, or as soon thereafter as may be effected ; for which purpose, authority and direction are hereby given and extended to said guardian or guardians, so that the company or institution receiving the whole or any part of said proceeds, shall hold the same for her sole and separate use, during her natural life, to let the same accumulate till she shall become twenty five years of age, and then to pay the interest or dividends upon the whole amount, as the same shall annually or oftener become due, upon her sole or separate order or receipt, and to the use and order of no other person, whether she may be

8 *

single or married; and upon her decease, whether she may be under or more than twenty five years old — but not, however, less than fourteen — to pay the principal invested, together with the accumulation, to such person or persons as she may order and appoint by will; and in case she shall die intestate, or without such appointment, to the heirs of her body, and, for want of such heirs, to her mother, brothers and sisters, equally, and to their legal representatives.

" *Fifth.* I do hereby appoint and constitute my wife, Jane Maria Hunt, and my two friends, Gardiner C. Hall and Epaphroditus Seymour, Esquires, executors of this my last will and testament, and do authorize them, or a majority of them, or either two who may accept the trust, and those who may administer upon my estate, being under good and suffi cient bonds, to superintend and manage the estate of said children, both real and personal, until they shall respectively become of legal and full age; unless, however, said children, or any of them, should elect a guardian or guardians, as they may do; provided a court of competent jurisdiction should appoint the same, with sufficient bonds to perform his or their trust according to law and the direction of this will. And I do authorize the executors as aforesaid, and those who may administer upon my estate, or such guardian or guardians, as may·be duly appointed, and empower them, respectively, to sell and convey the estate, real and personal, belonging to said children, over which they shall be authorized to act, to receive the purchase money, and to collect and receive the rents, interests, dividends or profits, arising from the estate' of such children, or any of them, and the proceeds, which shall not be required for their suitable support and education, to vest in stocks or put out on loan on annual interest, always taking good and sufficient security for the same. I require said executors, administrators or guardians to keep a true, full and perfect account of all sales and purchases; of all money received, from whom and for what; of all money loaned; paid out, to whom and for what purpose; and to make true and attested copies thereof, as often as once a year from my decease; one

copy of which shall be punctually put or left in the hands of my wife, and another copy lodged in the hands of my sister, Mrs. Ellen Morris, for the benefit of my children.

" *Sixth.* I direct that said executors, administrators and guardians shall receive a reasonable compensation for their services. So long as my wife shall keep house and superintend the family, it is my will that the children under age shall contribute equitably for all the incidental and customary expenses of the establishment."

The other executors having refused to accept the trust, administration of the estate was committed to the said Epaphroditus Seymour, who gave bonds and executed the will.

In 1833, there being estate left by the deceased in this Commonwealth, upon which the will operated, said will was duly proved and allowed by the judge of probate for the county of Franklin, and John Nevers, Esq. was appointed administrator with the will annexed, according to the provisions of *St.* 1785, *c.* 12, § 2. This administration has been duly settled, and the said Nevers has accounted with the said Seymour, the executor in Vermont. And the estate left by the deceased has been duly divided, according to the provisions of the will.

In June 1839, the defendant, with her children, removed to this Commonwealth, and they were resident at Boston, in May 1841, on the 3d of which month the defendant was appointed, by the judge of probate for the county of Suffolk, guardian of the plaintiff, and gave bond for the faithful execution of that trust, and became possessed of all the property of the plaintiff which was bequeathed to her by her father, excepting $10,000, which the said Seymour placed in the Massachusetts Hospital Life Insurance Company, on the 19th of May 1841, according to the provisions of the said will, and upon the terms therein expressed. The defendant, on the 12th of August 1843, placed the further sum of $2500 in the said company, upon the same trusts.

The defendant has presented her guardianship accounts to the judge of probate, who has duly approved them; but she

declines to pay over $———, the balance thereof, because she contends that, by the provisions of said will, the plaintiff has only a life estate, and is not entitled to receive to her own use the principal, but that it ought to be continued in trust for the plaintiff's benefit during her life, and subject to the provisions of the will. And this suit is brought to obtain the decision of the court upon that question.

The arguments in this case were submitted in writing.

*G. Minot,* for the plaintiff. The question arises on the third clause in the will, viz. "should either of my children die unmarried, *or* under age, *or* without lawful issue, after my decease, then it is my will that the portion of such child be divided equally with his or her mother," &c. ; and the plaintiff contends that "or" should be construed "and." *Fairfield v. Morgan,* 2 New Rep. 38. *Denn* v. *Kemeys,* 9 East, 366. *Right* v. *Day,* 16 East, 67. *Miles* v. *Dyer,* 5 Simons, 435, and 8 Simons, 330. *Arnold* v. *Buffum,* 2 Mason, 208. These cases were decided on the principle, that the court will presume the testator intended a reasonable disposition of his property, and one that conforms to the feelings which actuate all parents who are kindly disposed towards their children. On the same principle, "and" is construed "or," when the word is used as a condition to the vesting of the estate in the child. *Sayward* v. *Sayward,* 7 Greenl. 210.

The foregoing cases show that such must be the construction, even if no inference in its favor can be drawn from any other part of the will. But, in the case at bar, the other parts of the will support such a construction.

By the fifth clause of the will, the guardian is to have the control of the children's shares, " until they shall respectively become of legal and full age."

By the fourth clause, one half of the share of the daughter is invested in trust for her life, to her sole and separate use, with a power of appointment by will, if she shall attain to the age of fourteen years, and in default thereof, to the heirs of her body, and in default of such heirs, to the other legatees. This gives her the fee, on the principle that the words,

which create an estate in tail in real property, give the absolute property in personal. *Adams* v. *Cruft*, 14 Pick. 16. This fourth clause, therefore, if " or " is to be construed disjunctively, gives a preference to the daughter over the sons, so far as half of her share is concerned. But it is manifest that no preference was intended by the will. *First*, because the property is " equally to be divided between them." *Secondly*, the limitations over are as much in her favor as in favor of the mother or of the sons. *Thirdly*, the testator expresses his intention to be to " make some safe provision " for his daughter Jane, and for such other daughters as he might have. This shows that the only purpose of the trust for the daughters was to guard them against any injury from their want of knowledge of business, or from control in the marriage relation. The dividends are to be paid " on her sole and separate order or receipt, and to the use and order of no other person, whether she may be single or married." On the other hand, if " or " is to be construed conjunctively, no preference is given to any child, and the trust as to one half of the daughter's share cannot be considered as an injury to her interests.

The cross limitations to the legatees, at the end of the third and fourth clauses of the will, are not subject to any contingency. If, therefore, the legacies of two of the children are defeated by the contingency provided as to them, still the limitations over to them will vest. This apparent incongruity may happen, whether " or " is construed conjunctively or disjunctively. But if it is construed conjunctively, it is much less likely to happen. For in one case, the contingency must be determined at the majority of the children ; but in the other, it may not be (if one does not marry, or marries and has no children) until their death.

The other parts of the will show that the testator used words without legal accuracy. Thus, in the fifth clause, he says, " if either my wife, or any of my children now living or hereafter born, should die before my decease, unmarried or without lawful issue," then over to the survivor and their

issue. But the wife could not die before the husband, unmarried, unless she should be divorced. And if "without issue" means, as it generally does, an indefinite failure of issue, there could be no person in whose favor the limitation over would operate.

*Choate & Crowninshield,* for the defendant. The provision in that part of the third clause of the will, on which the question in this case arises, if construed according to the apparent and fair meaning of its terms, operates to make the plaintiff's estate an estate for life, or a conditional fee with a limitation over by way of executory devise, on a contingency that has not yet happened. Taking it in connexion with the introductory part of the same clause, the whole stands thus: I give to my wife and children, and their heirs, the residue of my property; provided, that if any child shall, after my decease, die unmarried, or under age, or without lawful issue, the portion of *that child* shall be divided among his or her mother and surviving brothers and sisters. The plaintiff is of age, but unmarried, and without issue. The contingency, or one of the contingencies, on which the executory limitation is to take effect, may yet happen. Meantime, therefore, her right is imperfect. *Homer* v. *Shelton,* 2 Met. 194, and cases there cited.

The question then is, whether the apparent meaning of the term is the true one. Is there sufficient evidence in the will, that "or" (which occurs twice in the proviso) means "and" in both places? It is submitted that there is no such evidence. *First,* the terms are singularly explicit. The word "or" is twice used, with an apparently perfect appreciation of its meaning; and the testator was an eminent lawyer. *Secondly,* if such evidence exists, it must be contained in the intrinsically unreasonable nature of the proviso, or in the fact that other parts of the will control or explain the proviso. It is believed that the court cannot discover any such intrinsical unreasonableness in the proviso, as to require "or" to be construed "and." The prospects and circumstances of the family, the character of the parties, or other reasons, may have made this a most suitable limitation. If any one should

die under age, or of age, if not married, oi if married, yet without children of the testator's blood, it might be, for aught that is disclosed in the case agreed, most just and fit that an ample life provision should be made, and the residue secured to others more necessitous or imprudent, or who would transmit it to the testator's blood. " The feelings which actuate all parents, who are kindly disposed towards their children," might prompt this exact limitation. Again; how can the court, for example, see that a proviso for a limitation over would not be very proper, even if a daughter should come of age, and yet live at home with her mother, and die there unmarried ? In the circumstances of the estate and family, this might be most proper ; and so the testator's language shows that he thought. Yet the court is called on to say, by pure conjecture, that unless she should die unmarried and under age, the limitation over is unreasonable, and that if she live to twenty two, a single woman, it is so highly reasonable that she should take in fee, that the words of the will must be bent to effect it.

The construction of the plaintiff imputes tautology to the testator, inconsistent with his style as exemplified in the rest of the will. If " or" means "and " in both places, why is the contingency of dying " without lawful issue " added at all ? The words, if she " die unmarried or under age," cover the whole field, and leave the other contingency superfluous, as included in the former.

Do, then, the other parts of the will control this language ? The defendant submits that there is no provision inconsistent with, or 'more inconsistent with it as it is, than with it as construed by the plaintiff. Doubtless many parts of the will forget that this contingency, whether several or consolidated, will ever happen, and assume that it will not. But this is an argument of no weight, since there is, confessedly, a good contingency of some sort, and a good limitation upon it. As to the parts relied on by the plaintiff, it is submitted, (replying to them in their order,) *first,* that the authority of a guardian, as such, so universally ceases at full age, that the

testator would not continue it to await this contingency. *Second*, the special provision as to one half is applicable to one half only, for the protection of the daughters ; and to that extent, and on that motive, it withdraws so much from the general gift and the general limitation.  But it throws no light on the construction of the general gift and limitation, and is just as consistent with one construction of the contingency as the other.  Thus the argument of the plaintiff is, that as to this half she may give by last will, whereas the sons cannot ; which puts a diversity between them.  It is so.  But that diversity is inevitable, even on the plaintiff's construction.  If a son die under age and unmarried, and without lawful issue, then the plaintiff's counsel concedes, that such son cannot appoint by will.  Yet, as to this one half, a daughter, though under age, unmarried, and without issue, if over fourteen, may appoint by will.  *Third*, it is admitted by the plaintiff's counsel, that the incongruity adverted to in one of his arguments drawn from other parts of the will, may happen under either construction.

HUBBARD, J.  The case raised upon the agreed statement of facts depends on the construction to be given to one of the clauses in the will of Jonathan Hunt, the father of the plaintiff.  Having first made a separate provision for his wife, he gives all the remaining part of his real estate and personal property to her and his five children, to them and their heirs forever, equally to be divided between them.  He then gives a direction in case either should die during his life ; after which this provision follows :  " Should either of my children die unmarried, or under age, or without lawful issue, after my decease, then it is my will that the portion of such child be divided equally with his or her mother and the surviving brothers and sisters, and the legal representatives of any deceased brother or sister."

The facts are these : The plaintiff, the only daughter of the testator, has arrived at the age of twenty one years, and now demands from her guardian that portion of the property devised to her, not invested in the Massachusetts Hospital

Life Insurance Company. The guardian resists this demand, on the ground that the will gives her only a life estate in the portion demanded, or a conditional fee, dependent upon a contingency which has not yet happened ; and consequently that she has no right to the use of any more than the income of the property.

From the indefiniteness of our language, as well as from the careless use of it, it is often difficult to ascertain with precision the meaning of a party in the words employed by him. But where the intent is ascertained, such intent must govern he construction, in accordance with the plain and established rule, that the will of the party is to be executed where it can be done consistently with the rules of law.

In the present instance, the testator, though a lawyer of distinction, did not write his will with grammatical accuracy, as is evident from the preceding clause in the same item, respecting his wife. And this may well raise the doubt whether he was any more precise in the use of the word "or," in the clause upon which the plaintiff's claim to the principal depends.

The defendant would read the clause thus : " I give to my wife and children, and their heirs, the residue of my property ; provided, that if any child shall, after my decease, die unmarried, or under age, or without lawful issue, the portion of that child shall be divided among his or her mother and surviving brothers and sisters." But this reading of the clause does not throw new light on the language of the testator. It in fact presents the same question as to the meaning to be given to the word " or," as used by the testator.

If the construction contended for by the defendant should prevail, then this conclusion must necessarily follow ; that unless a child arrives at full age, is married, and has lawful issue, he or she can only be entitled to the income of the estate ; or, to strip it of all superfluous words, it is but a gift for life ; because, until the legatee dies, the contingency will always exist ; for, till then, it cannot be ascertained whether he will leave lawful issue. Indeed, we cannot believe that it

was the testator's intention so to tie up his estate, that a son arriving at full age, and marrying, should have no control or right of disposition over the part bequeathed to him, unless he should have children; but that it was simply his intention to provide that they should not become the absolute proprietors of the principal, until they should come of age, unless, in the mean time, they should die leaving children, or should be married.

The construction put upon the clause by the defendant is, we think, inconsistent with another provision of the will, to wit, that by which the executors are authorized "to superin tend and manage the estate of said children, both real and personal, until they shall respectively become of legal and full age;" which clearly implies that they are then to come into full and complete possession of it at that time. And we think that if any intention had existed to give no more than a right to the income after coming of age, while unmarried and without children, such intention would have been then expressed, and would not have been left by the testator to rest on the meaning to be given to the word "or," which in so many instances, as is well known to every lawyer, has been held to mean "and;" that is, it is applied often in a conjunctive sense, to carry into effect the will of the testator, though its proper office is to express the disjunctive.

This construction is in conformity with other provisions of the will, to wit, that in case of the death of any child under age, and not married, and having no issue, the limitation over should vest absolutely, and is not subject to the contingency contended for; and no preference is given to one son over another. Again; that the provision was intended only to cover the period of minority, we think is evident from the mother's being made to inherit equally with the children; for if it was to last during their lives, she could not have been expected to survive.

The cases are numerous, both in England and in this country, where "or" is construed "and," to give effect to the intention of the testator. See the leading case of *Fairfield* v

*Morgan,* 2 New Rep. 38. *Right* v. *Day,* 16 East, 67. *Ar-nold* v. *Buffum,* 2 Mason, 208. *Carpenter* v. *Heard,* 14 Pick. 449. See also a late case in our own court, of *Parker* v. *Parker,* 5 Met. 134, which, in the terms made use of by the testator, is very similar to the case at bar, and fully justifies the construction contended for by the plaintiff.

This case might be determined simply on the ground that the defendant has no right, as late guardian of the plaintiff, to withhold the property demanded, no power being conferred on the defendant as a trustee. But the parties desiring a construction also of the terms of the will, we have considered the point raised, for the purpose of preventing any further difficulty in the settlement of the estate.

*Judgment for the plaintiff.*